# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2014

Lyle W. Cayce
Clerk

ERNESTO SOLIS; ILEANA SOLIS,

Plaintiffs−Appellants,

versus

HSBC BANK USA; OCWEN LOAN SERVICING, L.L.C.,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CV-640

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Ernesto and Ileana Solis appeal on two grounds.  First, they claim that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40489

the district court erred in denying their motion to remand for want of jurisdiction because the amount in controversy did not exceed $75,000.  Second, they challenge the dismissal of their claim.  Because the court had jurisdiction and the claim was barred by the statute of limitations, we affirm.

I.

The following facts are taken from the complaint.  The Solises own a 5.29-acre plot of land, of which 4.12 acres were designated for agricultural use for property-tax purposes.  In 2006 they executed a lien to secure a $65,000 loan from HSBC Bank USA ("HSBC").  The instrument covered the entire plot, including the land designated for agricultural use.  In their 2013 property-tax assessment, the property was valued at $221,483.

The Solises contend that the inclusion of the agricultural-use-designated land to secure the loan was a violation of the Texas Constitution, which does not allow homestead liens to be secured by "homestead property that on the date of closing is designated for agricultural use."  TEX. CONST. art. XVI, § 50(a)(6)(I).  In July 2013, the Solises notified HSBC and Ocwen Loan Servicing, L.L.C. ("Ocwen"), of this perceived infirmity and asked them to cure it.

The Solises sued in state court in November, asking the court to cancel the mortgage, order the return of the principal and interest paid for the preceding four years, and award costs and attorney's fees.  They included a notarized stipulation stating that they agreed to limit their damages to $75,000.

HSBC and Ocwen removed to federal court and moved to dismiss.  The Solises moved to remand, arguing that the court did not have diversity jurisdiction because the amount in controversy did not exceed $75,000.[1]  The

---

[1] The Solises also contended that HSBC and Ocwen had not established complete

No. 14-40489

district court denied the motion to remand and granted the motion to dismiss. The court held that the amount in controversy was the total value of the property, which exceeded $75,000, and that the action was barred by a four-year statute of limitations in the Texas Constitution.

## II.

"[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[2] Although the Solises portray the district court's decision as being based on whether their $75,000 stipulation is binding, that inaccurately portrays what they are attempting to do. Their complaint seeks "an order canceling the Mortgage" on property that is worth more than $200,000 while also stipulating that they will not recover more than $75,000. Given our established rule that the amount in controversy in cases like this is determined by the value of the property, it is irrelevant whether the stipulation is binding. A party cannot sue over a mountain but stipulate that it is a molehill.

## III.

The Solises claim that the district court's reliance on *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), was misplaced. There we concluded that the Texas Constitution's four-year statute of limitations applies to infirmities that arise from violations of Section 50(a)(6) of the Texas Constitution, which contains a list of rules for homestead liens. *Id.* at 674. One party may give notice to the other party of an infirmity, and that

---

diversity, but the district court ably rejected that argument, and the Solises have not maintained it on appeal.

[2] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961); *accord Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).

other party will have sixty days to cure it under Section 50(a)(6)(Q)(x).  This cure provision means that liens that violate Section 50(a)(6) are voidable instead of void and therefore are subject to the four-year statute.  On its face, then, *Priester* forecloses this action:  The lien allegedly had an infirmity under Section 50(a)(6) and was executed more than four years before the Solises sued.

According to the Solises, *Priester* is inapplicable because their lien is void *ab initio* rather than merely voidable.  They reason that the only way to cure the infirmity would have been to remove the lien from the agricultural property, so the cure was not really a cure at all.  Even if we had not stated in *Priester* that the limitations period "applies to constitutional infirmities under Section 50(a)(6)," Solis's argument here would be unsuccessful.  As the Solises acknowledge, some of the property secured by the lien was not designated for agricultural use, and HSBC could have retained its lien on that portion as part of its cure.  This case does not present a situation that demands a deviation from *Priester*.

AFFIRMED.